839 So.2d 915 (2003)
Jennifer D. NAYLOR, Appellant,
v.
DISTRICT BOARD OF TRUSTEES, etc., et al., Appellees.
Nos. 5D02-560, 5D02-561.
District Court of Appeal of Florida, Fifth District.
March 14, 2003.
Michael J. Appleton, Orlando, and Alan M. Schwerer, of Law Office of Alan M. Schwerer, P.A., for Appellant, Jennifer D. Naylor.
Walter A. Ketcham, Jr., Jeanelle G. Bronson, and Jack E. Holt, III, of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellee, Orange County.
Michael A. Miller and Stephanie A. Segalini, of Katz, Kutter, Alderman, Bryant & Yon, P.A., Orlando, for Appellee, District Board of Trustees of Valencia Community College, Florida.
HARRIS, C., Senior Judge.
The principal issue in this case is whether the right of competent persons to contract should be abrogated in this instance because of an overriding public policy. A subsidiary issue is that if it appears that consideration of public policy is appropriate, who  the legislature which has established the criteria which brings the issue of public policy into play, or the courts  should determine exactly what the public policy is and which, among competing public policies, should prevail.
Here, appellant wished to become a certified police officer. She enrolled in the course at appellee Valencia Community College and signed the required general release. During her training, she was injured. She claims the injury resulted from the negligence of her trainers and seeks recovery. She recognizes that the release, if valid, will prevent recovery.
The legislature, in Chapter 943, Florida Statutes, established the Criminal Justice Standards and Training Commission and clothed the Commission with broad authority to certify criminal justice training schools, approve the prescribed courses, and, in so far as the school teaches approved commission courses, have access to all financial and personnel records relating to the training.
Appellant executed the release without reservation. There is no contention that the release, if valid, does not release the college from liability for the injury sustained by appellant. The claim is that because of the necessity of having well-trained police officers and because the legislature *916 has mandated that the Commission require a strenuous training course, our public policy should require that those individuals who enroll for the training and are injured because of the negligence of the trainers should not be required to execute a release precluding them from recovery and that any such release, if actually executed, should be held invalid. On the other hand, because of the urgency of having well trained police officers, the legislature may have determined that the best interest of the state is better served by certifying accredited colleges which are willing to participate in the training program even if they insist on releases of liability.
The trial court determined, after considering the public policy argument, that the parties' general release should prevail. We have searched Chapter 943 to see if it contains a clear statement of public policy. We found none. It may be that by permitting the certification of colleges which insist on the release that the legislature has inferentially established the public policy in this regard. Or it may be that the legislature simply failed to consider the issue. Even though we agree that it should be the legislature which determines the appropriate public policy in this instance because it has taken such an active role in the certification and training of police officers, we nevertheless certify the following issue to the supreme court as one of great public importance:
MAY ONE WHO ELECTS TO PARTICIPATE IN A TRAINING PROGRAM REQUIRED FOR CERTIFICATION AS A POLICE OFFICER VALIDLY RELEASE FROM PERSONAL INJURY LIABILITY THOSE RESPONSIBLE FOR THE TRAINING?
AFFIRMED; QUESTION CERTIFIED.
GRIFFIN and ORFINGER, JJ., concur.